IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DERRICK DARNELL PAYNE                                                           PETITIONER

v.                                                                                      No. 2:08CV38-M-A

WARDEN RAYMOND BYRD, ET AL.                                                  RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Derrick Darnell Payne for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, or, in the alternative, for failure to exhaust state remedies. Payne has responded and has filed a motion to hold the instant case in abeyance until he can exhaust his state court remedies. For the reasons set forth below, the court shall grant the state's motion to dismiss and deny Payne's motion to stay the case and hold it in abeyance.

**Facts and Procedural Posture**

On January 19, 1993, Derrick Payne pled guilty to one count of Manslaughter in the Circuit Court of DeSoto County, Mississippi. On that same day, he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutive to the time imposed in a separate criminal matter. The sentence was also suspended pending future good behavior. The state filed a petition to revoke the suspended sentence on April 17, 2006. The state then filed an amended petition May 30, 2006. On August 22, 2006, Payne filed a motion to dismiss the revocation proceedings. However, on August 23, 2006, the DeSoto County Circuit Court held a revocation hearing, revoked the Payne's suspended sentence, and imposed the entire twenty-year sentence.

On September 5, 2006, Payne filed a motion to reconsider his revocation, which the circuit court denied on September 20, 2006, citing lack of jurisdiction. In its order, the court stated that it "feels that the appropriate process would be a Petition for Post Conviction Relief." Payne appealed the circuit court's denial of his motion to reconsider the revocation of his suspended sentence to the Mississippi Supreme Court, and the Court of Appeals dismissed his appeal for lack of jurisdiction on October 23, 2007. *Payne v. State*, 966 So.2d 1266 (Miss. App. 2007) (Cause No. 2006-KA-01713-COA). The mandate issued on November 13, 2007.

On November 28, 2006, Payne filed a petition for Post-Conviction Relief in the Circuit Court of DeSoto County, Mississippi. The circuit court dismissed the petition without prejudice on January 5, 2007, because Payne's appeal regarding the motion to reconsider his revocation was still pending with the Mississippi Court of Appeals at that time. On November 28, 2007, Payne filed another Petition for Post-Conviction Relief with the circuit court (it was signed on October 29, 2007). The district attorney's office responded to the state petition for post-conviction relief on April 10, 2008, and Payne filed a reply to the state's response on April 21, 2008. The DeSoto County Circuit Court has not yet ruled upon Payne's latest petition for state post-conviction relief.

## Exhaustion

Payne's challenge to the revocation of his suspended sentence became final on October 23, 2007, when the Mississippi Court of Appeals dismissed his appeal for want of jurisdiction. Payne then filed an application for post-conviction collateral relief in the trial court on November 28, 2007 – an application still pending in state court. As such, he has not exhausted his state remedies under 28 U.S.C. § 2254, which states, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> . . .
>
> c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott,* 26 F.3d 29, 30 (5th Cir. 1994). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the high state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999). The Mississippi Supreme Court has not had a chance to pass upon this issue; as such, the instant petition shall be dismissed without prejudice for failure to exhaust. Further, as the petitioner filed his state application for post-conviction relief shortly after his conviction became final, the federal one-year limitations period was tolled at that time. 28 U.S.C. § 2244(d). Thus, the petitioner is in no danger of losing the opportunity to present his claims to this court if he is diligent in the prosecution of his state court claims. As such, his motion to stay the instant case

until he exhausts his state remedies shall also be denied. A final judgment consistent with this memorandum opinion shall issue today.

    **SO ORDERED,** this the 11th day of August, 2008.

                      **/s/ MICHAEL P. MILLS**
                      **CHIEF JUDGE**
                      **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF MISSISSIPPI**